**No. 23-3449**

---

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

**CPC PATENT TECHNOLOGIES PTY LTD.,**

**Petitioner-Appellee,**

**v.**

**APPLE INC.,**

**Respondent-Appellant.**

---

Appeal from the United States District Court for the
Northern District of California, Oakland,
No. 4:21-mc-80091-JST
Judge Jon S. Tigar

---

**APPELLEE CPC PATENT TECHNOLOGIES PTY LTD.'S
SUPPLEMENTAL EXCERPTS OF RECORD
VOLUME 1 OF 1**

---

George C. Summerfield, Michigan SBN P40644
Darlene F. Ghavimi, Texas SBN 24072114
Zachary T. Timm, SBN 316564
Vanuhi Zohrabians, SBN 324274
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: 310.552.5000

Attorneys for Appellee CPC PATENT
TECHNOLOGIES PTY LTD.

| VOLUME 1 | | | |
|---|---|---|---|
| **Docket No.** | **File Date** | **Document** | **SER Page** |
| 67-3 | November 27, 2023 | Respondent-Appellee Apple's Answering Brief – originally filed in the Ninth Circuit, Case No. 21-16212 | 3-30 |
| 67-2 | November 27, 2023 | Apple Inc.'s Objections and Responses to CPC Patent Technologies Pty Ltd. Subpoena to Produce Documents | 31-51 |
| 13 | June 10, 2021 | Respondent Apple Inc.'s Response/ Opposition to Petitioner's Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge | 52-57 |
| 6 | April 29, 2021 | CPC Patent Technologies Pty Ltd.'s Motion for *De Novo* Determination of Dispositive Matter Referred to Magistrate Judge Pursuant to Fed. R. Civ. P. 72 and N.D. Cal. R. 72-3 | 58-64 |

# EXHIBIT B

Case No. 21-16212

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CPC PATENT TECHNOLOGIES PTY LTD.,
*Petitioner-Appellant*,

v.

Apple Inc.,
*Respondent-Appellee*

Appeal from the United States District Court,
Northern District of California,
Case No. 5:21-mc-80091-JST,
Honorable Jon. S. Tigar

## RESPONDENT-APPELLEE APPLE'S ANSWERING BRIEF

Seth M. Sproul
John W. Thornburgh
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
sproul@fr.com
thornburgh@fr.com

Tony Nguyen
FISH & RICHARDSON P.C.
1221 McKinney Street, Suite 2800
Houston, TX 90067
Telephone: (713) 654-5300
Facsimile: (713) 652-0109
nguyen@fr.com

Eda Stark
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
stark@fr.com

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to the Federal Rules of Appellate Procedure 26.1, Respondent-Appellee Apple Inc. hereby discloses it has no parent corporations and that there is no publicly-held company that owns 10% or more of Apple Inc.'s stock.

# <u>TABLE OF CONTENTS</u>

CORPORATE DISCLOSURE STATEMENT ....................................................... i

STATEMENT OF JURISDICTION ................................................................... 1

STATEMENT OF THE ISSUES ......................................................................... 2

STATEMENT OF THE CASE ............................................................................ 3

INTRODUCTION AND SUMMARY OF ARGUMENT ................................... 7

STANDARD OF REVIEW ................................................................................. 8

ARGUMENT ...................................................................................................... 8

I.    The Ninth Circuit Reviews a District Court's Ruling on a § 1782 Petition for Abuse of Discretion ......................................................................................... 8

II.   District Courts in the Ninth Circuit Apply a Clear Error Standard When Reviewing a Magistrate's Decision on a § 1782 Petition ................................. 9

III.  Under the Clear Error Standard of Review, District Judge Tigar did not Err in Affirming Magistrate Judge Cousins' Denial of CPC's § 1782 Petition .................. 14

    A.    CPC's Requests were Unduly Intrusive or Burdensome ....................... 14

    B.    The Parties Can Discuss and Negotiate Information Sharing in an Already Established Venue ................................................................ 17

CONCLUSION .................................................................................................. 20

CERTIFICATE OF COMPLIANCE ................................................................. 21

## TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*1782 by Nikon Corp.*,
    No. 17-mc-80071-BLF, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017)............11

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
    793 F.3d 1108 (9th Cir. 2015) ..................................................................16

*In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe
    GmbH*,
    No. 5:16-MC-80094-EJD, 2017 WL 3115228 (N.D. Cal. July 21, 2017)........10

*In re Application of Khrapunov*,
    No. 17-mc-80107-HSG, 2018 WL 3609045 (N.D. Cal. July 27, 2018) ...........10

*ex parte Application of Rainsy*,
    No. 16-mc-80258-DMR, 2017 WL 528476 (N.D. Cal. Feb. 9, 2017)................9

*Four Pillars Enters. Co. v. Avery Dennison Corp.*,
    308 F.3d 1075 (9th Cir. 2002) ...............................................................8, 9, 15

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
    No. 19-mc-80215-WHO, 2020 WL 1694353 (N.D. Cal. Apr. 7, 2020) ...........10

*Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*,
    No. 13-CV-02096-MSK-KLM, 2013 WL 5567504 (D. Colo. Oct. 9, 2013) ....11

*Khrapunov v. Prosyankin*,
    931 F.3d 922 (9th Cir. 2019) ......................................................................8, 12

*Nypl v. JPMorgan Chase & Co.*,
    803 Fed. Appx. 135 (9th Cir. 2020)................................................................12

*In re Premises Located at 840 140th Ave. NE, Bellevue, Washington*,
    634 F.3d 557 (9th Cir. 2011) .............................................................................1

*Snowflake Inc. v. Yeti Data, Inc.*,
    No. 20-mc-80190-EMC, 2021 WL 1056550 (N.D. Cal. Mar. 18, 2021)...1, 9, 13

*United States v. Sealed 1*,
    235 F.3d 1200 (9th Cir. 2000) ........................................................................16

**Statutes**

28 U.S.C. § 631 ......................................................................................1

28 U.S.C. § 636 ......................................................................................1

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1782 .............................................................................*passim*

**Other Authorities**

N.D. Cal. Gen. Order No. 44(E)(3).....................................................4, 13

Fed. R. Civ. P. 72 .............................................................................5, 10

Gen. Order 44(E)(3)...............................................................................13

N.D. Cal. R. 72.3.....................................................................................5

# STATEMENT OF JURISDICTION

The magistrate court had jurisdiction under 28 U.S.C. § 631. *See Snowflake Inc. v. Yeti Data, Inc.*, No. 20-mc-80190-EMC, 2021 WL 1056550, at *3 (N.D. Cal. Mar. 18, 2021) ("Under the Federal Magistrates Act, 28 U.S.C. § 631, the Court may refer certain non-dispositive pretrial matters to a Magistrate Judge for a binding final determination, which is reviewed under a clearly erroneous standard of review. *See* 28 U.S.C. § 636(b)(1)(A). The Court may also refer certain case-dispositive motions for an evidentiary hearing and/or a non-binding report and recommendation, which is scrutinized under a *de novo* standard of review. 28 U.S.C. § 636(b)(1) (B)-(C).").

The district court had jurisdiction under 28 U.S.C. § 1782. *See* 28 U.S.C. § 1782 ("The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.").

This Court has jurisdiction under 28 U.S.C. § 1291. *In re Premises Located at 840 140th Ave. NE, Bellevue, Washington*, 634 F.3d 557, 566-67 (9th Cir. 2011).

1

## STATEMENT OF THE ISSUES

1.      Does the Ninth Circuit review a district court's ruling on a § 1782 petition for abuse of discretion?

2.      Do district courts in the Ninth Circuit apply a clear error standard when reviewing a magistrate's decision on a § 1782 petition?

3.      Applying the clear error standard of review, did District Judge Tigar abuse his discretion in affirming Magistrate Judge Cousins' denial of CPC's § 1782 petition where the Magistrate Judge also exercised his discretion to find two independent grounds for denial: (a) CPC's requests were unduly intrusive or burdensome, and (b) relief under § 1782 was unnecessary since the parties can discuss and negotiate information sharing in an already established venue?

# STATEMENT OF THE CASE

In February 2021, CPC Patent Technologies PTY Ltd. ("CPC") filed a patent infringement lawsuit against Apple Inc. ("Apple") in the Western District of Texas asserting three patents. ER-063–072. In April 2021, CPC filed a petition under 28 U.S.C. § 1782 in the Northern District of California seeking discovery assistance from the Court. ER-146–155. In its § 1782 petition, CPC requested documents in 15 categories:

1.  Documents sufficient to describe the storage of enrolled fingerprint data in the iPhone models and Apple laptop computers equipped with Touch ID (collectively "Apple Touch ID Devices").

2.  Documents sufficient to describe the manner of communicating fingerprint data from the touch sensor to the Secure Enclave of the Apple Touch ID Devices, including an identification of the components of such devices in such communication path.

3.  Documents sufficient to describe the manner in which fingerprint matching is performed in the Apple Touch ID Devices.

4.  Documents sufficient to describe the communication to the Secure Element of the Apple Touch ID Devices upon a successful fingerprint match, including an identification of the components of such devices in such communication path.

5.  Documents sufficient to describe the collection and storage of enrolled facial data utilized in iPhone models and Apple laptop computers equipped with Face ID (collectively "Apple Face ID Devices"), including an identification of the components involved of such devices in such storage, and the location of such storage.

6.  Documents sufficient to describe the manner in which facial data matching is performed in the Apple Face ID Devices.

3

7.      Documents sufficient to describe the manner in which a successful facial data match is communicated to the Secure Element of the Apple Face ID Devices.

8.      Documents sufficient to describe the role of the Application Processor in the Apple Touch ID Devices.

9.      Documents sufficient to describe the role of the Application Processor in Apple Face ID Devices.

10.     Documents sufficient to describe the role of the Secure Application Processor in Touch ID of the Apple Touch ID Devices.

11.     Documents sufficient to describe the role of the Secure Application Processor in Face ID of the Apple Face ID Devices.

12.     Documents sufficient to describe the role of the Neural Engine in Touch ID of the Apple Touch ID Devices.

13.     Documents sufficient to describe the role of the Neural Engine in Face ID of the Apple Face ID Devices.

14.     Documents sufficient to describe the device unlocking function in the Apple Touch ID Devices, including an identification of the components of such devices involved in such function.

15.     Documents sufficient to describe the device unlocking function in the Apple Face ID devices, including an identification of the components of such devices involved in such function.

ER-156–159.  As these requests show, CPC sought through § 1782 broad discovery on the entirety of Apple's Face ID and Touch ID technology for all Apple products utilizing this technology.

The case was assigned to Magistrate Judge Nathanael Cousins under the Northern District of California's established procedure of assigning § 1782 petitions to magistrate judges.  N.D. Cal. Gen. Order No. 44(E)(3).  Judge Cousins denied

4

CPC's § 1782 petition. ER-142–145. Judge Cousins found that the petition turned on exercise of the court's discretion and that "[a]lthough each category is limited to documents 'sufficient to show' different attributes, rather than 'all' documents related to each attribute, the Court finds that this 'sufficient to show' descriptor is undefined and is likely to lead to unduly burdensome discovery." ER-145. As a separate ground for denying CPC's § 1782 petition, Judge Cousins also stated that the "Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue," referring to CPC's patent suit against Apple in the Western District of Texas. *Id.* Thus, Judge Cousins stated "the Court exercises its discretion to deny the application." *Id.*

CPC sought review of Judge Cousins' decision in a motion self-styled as "CPC Patent Technologies PTY Ltd.'s Motion for *de novo* Determination of Dispositive Matter Referred to Magistrate Judge Pursuant to Fed. R. Civ. P. 72 and N.D. Cal. R. 72.3." ER-049. In its motion,[1] CPC failed to inform the district court that many district courts in the Ninth Circuit apply a clear error standard of review

---

[1] CPC was dangerously close to having its motion deemed abandoned by the district court for failing to serve a copy of its motion on Apple. *See* ER-038 ("As of the date of this order [May 20, 2021], CPC has not filed a proof of service. If CPC does not file a proof of service by May 27, 2021, the Court will consider CPC's motion to have been abandoned and deny it.").

5

for § 1782 petitions, not a *de novo* standard of review. ER-048–058. Apple informed the Court of this authority in its opposition:

> Although the Ninth Circuit has not clearly ruled on this issue, most district courts in the circuit appear to view § 1782 motions as non-dispositive and apply the clear error standard, not *de novo* review. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.,* No. 19-mc-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020) ("The parties disagree as to whether a magistrate judge's ruling on a Section 1782 application should be reviewed for clear error or de novo. The Ninth Circuit has not yet clearly ruled on this issue and courts have applied different standards, although most courts appear to apply the clear error standard.") (citations omitted).

ER-027–028.

District Judge Jon Tigar denied CPC's motion. ER-002–004. In his order, Judge Tigar agreed with Apple that clear error was the correct standard of review. *See* ER-003 ("First, the Court agrees with other courts in this district that have concluded that the proper standard of review is for clear error, rather than de novo."). Judge Tigar did not stop there; he also examined the record below and found Judge Cousins' ruling to be correct and well within the court's exercise of discretion. *See* ER-004 ("…having reviewed the record, the Court does not find that Judge Cousins's denial of CPC's application was contrary to law or clearly erroneous. Given the nature of CPC's proposed discovery requests, as well as the pending litigation in Texas, Judge Cousins acted within his discretion to deny CPC's application as unduly intrusive or burdensome.") (internal quotations and citations omitted).

6

CPC then filed this appeal.

## INTRODUCTION AND SUMMARY OF ARGUMENT

CPC argues that this Court should analyze the appealed issues anew and employ a *de novo* review of the district court's decision upholding the magistrate judge's denial of CPC's § 1782 request, but that is not the proper standard, nor would it change the outcome. This Court is required to analyze the appealed issues for abuse of discretion. This Court should find that the district court did not abuse its discretion in affirming the magistrate court's decision denying CPC's §1782 petition because the district court (1) reasonably applied a clear error standard of review instead of a *de novo* standard of review based on the majority of other courts in the Ninth Circuit, and (2) reasoned, based on its review of the record, that the magistrate court acted within its discretion to deny CPC's § 1782 petition on two separate grounds.

CPC's argument would also upset the longstanding practice of district courts in the Ninth Circuit to assign § 1782 petitions to magistrate judges. Requiring *de novo* review by district judges would be wasteful and disruptive. Moreover, CPC's focus on whether denial of a § 1782 petition "leaves nothing further to be done" puts form over substance and ignores that § 1782 petitions are discovery matters, properly decided by magistrate judges.

7

This Court should affirm the decision of the Northern District of California and reject CPC's request to change the law.

## STANDARD OF REVIEW

"We review the district court's decision under § 1782 for abuse of discretion." *Khrapunov v. Prosyankin*, 931 F.3d 922, 924 (9th Cir. 2019).

## ARGUMENT

### I. The Ninth Circuit Reviews a District Court's Ruling on a § 1782 Petition for Abuse of Discretion

As identified in the Standard of Review, the Ninth Circuit reviews a district court's ruling on a § 1782 petition for abuse of discretion. *Khrapunov*, 931 F.3d at 924; *see also In re Application Pursuant to 28 U.S.C. § 1782 to Take Discovery of ASML U.S., Inc.*, 707 Fed. Appx. 476, 477 (9th Cir. 2017) ("ASML U.S., Inc., timely appeals the district court's order, in response to a request by Nikon Corporation pursuant to 28 U.S.C. § 1782(a), requiring ASML U.S. to produce documents and other information. *Reviewing for abuse of discretion*, *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002), we affirm.") (emphasis added).

In its Standard of Review section, CPC identified two different standards of review for a § 1782 petition, but did not clearly identify which applied in this case. It is abuse of discretion.

8

## II.    District Courts in the Ninth Circuit Apply a Clear Error Standard When Reviewing a Magistrate's Decision on a § 1782 Petition

While this Court has not expressly ruled on the standard of review for a district court to review a magistrate judge's decision on a § 1782 petition, this Court has made clear that *it* reviews *a magistrate judge's* decision on a § 1782 petition for abuse of discretion—meaning the magistrate judge's order is not treated as a mere recommendation subject to *de novo* review. *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002) ("The magistrate judge did not abuse his discretion in denying much of the relief sought by Four Pillars pursuant to 28 U.S.C. § 1782."). Based on *Four Pillars*, district courts in this circuit have repeatedly held that this Court treats "a § 1782 order by a Magistrate Judge as a non-dispositive pretrial matter with binding effect." *See, e.g., Snowflake*, 2021 WL 1056550, at *3 ("The Ninth Circuit has treated a § 1782 order by a Magistrate Judge as a non-dispositive pretrial matter with binding effect.") (citing *Four Pillars*, 308 F.3d at 1078); *see also, e.g., In re ex parte Application of Rainsy*, No. 16-mc-80258-DMR, 2017 WL 528476, at *1 n.1 (N.D. Cal. Feb. 9, 2017) ("It appears that applications under 18 U.S.C. § 1782 are non-case-dispositive discovery matters.") (citing *Four Pillars*, 308 F.3d at 1078); *accord In the Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 2:14-CV-00797-GMN-NJK, 2015 WL 7258483, at *3 (D. Nev. Nov. 17, 2015) ("However, Judge Koppe further acknowledge [sic] that, because 28 U.S.C. § 1782

9

requests are ancillary by their nature, courts generally view these proceedings as non-dispositive matters.").

The Federal Rules of Civil Procedure require that for non-dispositive matters ruled on by a magistrate judge, the standard of review by a district court judge is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72 ("(a) Nondispositive Matters. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

Thus, most district courts within the Ninth Circuit have found a magistrate judge's order on a §1782 petition to be subject to clear error review. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.,* No. 19-mc-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020) ("The parties disagree as to whether a magistrate judge's ruling on a Section 1782 application should be reviewed for clear error or de novo. The Ninth Circuit has not yet clearly ruled on this issue and courts have applied different standards, although most courts appear to apply the clear error standard.") (citations omitted); *see also In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *6 (N.D. Cal. July 21, 2017) ("For these reasons, [Magistrate] Judge Lloyd's consideration of the factors relevant to a § 1782 application was not clearly erroneous or contrary to law."); *see also In re Application of Khrapunov*, No. 17-

10

mc-80107-HSG, 2018 WL 3609045, at *2 (N.D. Cal. July 27, 2018) ("…there is a consensus among district courts that the clear error standard is appropriate….").

Further, "[t]he majority of other courts to address the issue, both in and out of the Ninth Circuit, have reached the same conclusion on other grounds." *In re Application Pursuant to 28 U.S.C. § 1782 by Nikon Corp.*, No. 17-mc-80071-BLF, 2017 WL 4647753, at *2 (N.D. Cal. Oct. 16, 2017) (citations omitted); *see also, e.g., Macquarie Bank*, 2015 WL 7258483, at *4 ("While reasonable minds may differ as to the correct outcome of these [§ 1782] discretionary factors, the clear error standard of review permits a District Court to overturn a Magistrate Judge's decision only when it is left with a firm and definitive conviction that a mistake has been made.") (citation omitted); *see also, e.g., Interbrew Cent. European Holding BV v. Molson Coors Brewing Co.*, No. 13-CV-02096-MSK-KLM, 2013 WL 5567504, at *1 (D. Colo. Oct. 9, 2013) ("Although *Phillips* has left this issue unsettled, persuasive precedent from *Chevron* and the language of the Local Rule lead to the conclusion that the undersigned may issue an order on this [§ 1782] matter, subject to review for clear error.") (citation omitted).

CPC ignores this authority and instead argues "that a magistrate judge's decision on a § 1782 petition is dispositive, leaving nothing left to be done in the case and, as argued below, require [sic] *de novo* review of such decisions by a district

11

judge."[2]  Appellant's Opening Brief ("AOB") at 17.  According to CPC, because a magistrate's decision leaves nothing to be done, *de novo* review is appropriate.  This is wrong as it oversimplifies and incorrectly characterizes the § 1782 process.

Where a magistrate judge grants a § 1782 petition, the magistrate judge may still have more to rule on.  Granting the petition simply allows the discovery to be served, it does not address the scope of or response to that discovery.  For example, the subpoenaed party may object to the subpoena as a whole and file a motion to quash.  The magistrate judge would rule on the motion.  *See Nypl v. JPMorgan Chase & Co.,* 803 Fed. Appx. 135, 137 (9th Cir. 2020) ("Accordingly, the magistrate judge granted Wells Fargo's motion to quash and denied Nypl's motion to compel.").  As another example, if the petitioner's document subpoena issues, the parties may disagree as to the proper scope of the subpoena's requests and may ask the magistrate judge for a ruling on the correct scope.  CPC's theory ignores these possibilities.

---

[2] CPC relies heavily on a dissenting opinion from Judge Callahan for its belief here, but repeatedly identifies it as an opinion "concurring in part."  *See* AOB at 16, 17 n.3, 17 n.4, 19, 22 n.6.  Judge Callahan's opinion in *Khrapunov* is plainly labeled as "concurring in the judgment and dissent."  *Khrapunov,* 931 F.3d at 928.  Any doubt can be removed by Judge Smith's pointed concurrence: "The dissent's advisory opinion about an issue of first impression does not directly bear on our resolution and demands no substantive response."  *Id.*

12

Although a magistrate judge's decision to deny a § 1782 petition can leave less for a magistrate judge to do, that is but one possible outcome, and is in any event not dispositive of the issue here. A decision denying a § 1782 is also still a discovery matter, properly decided by a magistrate judge. In other words, denial of a § 1782 petition is "a non-dispositive pretrial matter with binding effect," as this Court has held. *Snowflake*, 2021 WL 1056550, at *3, citing *Four Pillars*, 308 F.3d at 1078 (9th Cir. 2002). This is why the Northern District of California, like other districts in this Circuit, assign § 1782 petitions to magistrate judges. *See* Supplemental Excerpts of Record ("SER") 001–004 (N.D. Cal. Gen. Order No. 44(E)(3) ("…all civil miscellaneous matters will be randomly assigned in the first instance to a magistrate judge who will either resolve the matter or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed.")); *see also* ER-046 (Magistrate Judge Cousins' order referencing Gen. Order 44(E)(3)).

This Court should reject CPC's request to upset the status quo and change the law.

13

## III. Under the Clear Error Standard of Review, District Judge Tigar did not Err in Affirming Magistrate Judge Cousins' Denial of CPC's § 1782 Petition

### A. CPC's Requests were Unduly Intrusive or Burdensome

Applying the clear error standard of review to the magistrate judge's decision, District Judge Tigar did not abuse his discretion in affirming Magistrate Judge Cousins' denial of CPC's § 1782 petition because (1) Judge Cousins correctly identified CPC's requests as "unduly burdensome" based on his review, and (2) Judge Tigar found Judge Cousins' denial to be "within his discretion" based on Judge Tigar's review of the record. ER-003–004.

As to (1), CPC's document requests were overly broad in both form and substance. With respect to the form, Judge Cousins correctly pointed out based on his review of the 15 requests, the "sufficient to show" form CPC used in all its requests "is likely to lead to unduly burdensome discovery." *See* ER-145 ("Although each category is limited to documents 'sufficient to show' different attributes, rather than 'all' documents related to each attribute, the Court finds that this 'sufficient to show' descriptor is undefined and is likely to lead to unduly burdensome discovery."). Based on the wording of CPC's requests, Apple would not know when a single document would be sufficient for any given request or when more would be needed. While CPC argues that Apple has used similar language in the past for its own discovery requests, such requests were more narrowly tailored

14

to limit the burden on the producing party.  *See* ER-100–106.  And importantly, those requests were from a different case involving different parties relating to different technology, and are not challenged here.  CPC's one-size-fits-all rule that "sufficient to show" requests are either always permissible or never permissible is yet another oversimplification.  The courts are given "broad discretion" to rule on § 1782 petitions.  *Four Pillars*, 308 F.3d at 1078.  The magistrate court here appropriately used its discretion to determine CPC's requests were overly broad.

With respect to the substance, CPC's 15 document requests seek information on the full breadth of information underlying Apple's Touch ID and Face ID technology.  For example, request #3 is "[d]ocuments sufficient to describe the manner in which fingerprint matching is performed in the Apple Touch ID Devices." ER-158.  As another example, request #6 is "[d]ocuments sufficient to describe the manner in which facial data matching is performed in the Apple Face ID Devices." ER-158.  As the Court can imagine, these are not simple technologies but instead involve highly complicated hardware and software, and represent the results of thousands of engineer hours.  Moreover, none of CPC's 15 requests are bound in time.  Apple released the first Touch ID product in 2013 and released the first Face ID product in 2017.  Both are still being used in new Apple products sold today. Because the research and development of these technologies happened well before their release dates, CPC's requests would require Apple to search nearly a decade's

15

worth of technical documents. Judge Cousins was correct and well within his discretion to find CPC's requests unduly burdensome.

As to (2), rather than rubberstamp Judge Cousins' order—as he was entitled to do—Judge Tigar instead performed his own review of the record in affirming Judge Cousins' ruling. In his order, Judge Tigar stated that "***having reviewed the record***, the Court does not find that Judge Cousins's denial of CPC's application was contrary to law or clearly erroneous." ER-004 (emphasis added). While Judge Tigar did not offer more analysis and Apple again will not posit to know what he considered, Judge Tigar's statements show that he reviewed CPC's discovery requests when rendering his opinion. *See* ER-004 ("***Given the nature of CPC's proposed discovery requests***, as well as the pending litigation in Texas, Judge Cousins acted within his discretion to deny CPC's application as 'unduly intrusive or burdensome.'") (citation omitted) (emphasis added).

Importantly, Judge Tigar was not required to offer any additional analysis, but presumably did so to address exactly this scenario. *See Akebia Therapeutics, Inc. v. FibroGen, Inc.,* 793 F.3d 1108, 1112 (9th Cir. 2015) ("The district court was not required to address explicitly every factor or argument, nor was it required to issue a written order."); *see also United States v. Sealed 1*, 235 F.3d 1200, 1206 (9th Cir. 2000) (noting the broad discretion afforded the district courts under § 1782 and the lack of specific guidance with which to exercise that discretion).

16

As such, Judge Tigar did not err in affirming Judge Cousins' denial of CPC's § 1782 petition.

**B. The Parties Can Discuss and Negotiate Information Sharing in an Already Established Venue**

In addition to denying CPC's § 1782 petition because its request were unduly burdensome, District Judge Tigar did not abuse his discretion in affirming Judge Cousins' denial of CPC's petition because (1) Magistrate Judge Cousins correctly identified CPC's requests as potentially duplicative of discovery in its Western District of Texas case against Apple, and (2) Judge Tigar again found Judge Cousins' denial to be "within his discretion" based on Judge Tigar's review of the record.

As to (1), Judge Cousins first took notice of CPC's already existing litigation against Apple in the Western District of Texas. *See* ER-143 ("CPC and Apple are currently litigating a patent infringement suit in the Western District of Texas.") (citation omitted); *see also* ER-145 ("Further, the Court notes that the parties involved in this request are currently engaged in litigation in another court."). Judge Cousins then explained that the Court disfavors *ex parte* discovery where the parties can negotiate in an existing forum. *See* ER-145 ("The Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue."). Judge Cousins identified the key facts and offered a well-reasoned explanation for denying CPC's § 1782 petition on this ground.

17

CPC argues that it would not be entitled to the § 1782 discovery in the Western District of Texas case against Apple and that Apple would not agree to its use in foreign proceedings. AOB at 24-25. Both arguments fail.

Judge Cousins did not predicate his decision on Apple *necessarily* agreeing to the requested discovery, but on the parties having the opportunity to *negotiate* in a more convenient forum. ER-145. And indeed CPC had the opportunity to negotiate the Protective Order in the Western District of Texas case. The parties entered an agreed-upon Protective Order on October 4, 2021, three weeks before filing its opening brief in this appeal and after denial of CPC's § 1782 petition. While this agreed protective order does not contain a provision allowing all discovery to be used in foreign proceedings (SER-005–037), CPC certainly had the opportunity to negotiate. If CPC truly wanted this provision in the Protective Order, it could have filed a disputed version of the Protective Order containing this foreign proceeding provision to allow the Western District of Texas court to rule on the dispute. While Apple likely would have challenged, CPC did not even attempt to take this PO issue to the court. Further, while fact discovery has not begun in the Western District of Texas case, CPC's § 1782 petition includes topics directed to Apple's accused technology and features, and thus track anticipated discovery to be served in that case. To assume it would be unlikely to gain any traction requesting these types of documents in the Western District of Texas case against Apple is premature.

18

Additionally, CPC presumes that Apple would not permit the use of some technical documents it produces in the Western District of Texas case to be used in foreign proceedings. While Apple would not agree to a blanket use of all documents in foreign proceedings, CPC's assumption that the parties could never agree to use of select documents is speculative. As mentioned, fact discovery in the Western District of Texas case has not begun, but the parties are free to negotiate document production once fact discovery begins. To assume Apple (or the Western District of Texas) would not permit the usage of some limited documents in foreign proceedings is premature.

Importantly, CPC's ability to take this discovery dispute to the District Judge in the Western District of Texas case re-emphasizes the point that Judge Cousins' denial of CPC's § 1782 petition is not dispositive.

As to (2), the same reasoning applies as with the "unduly burdensome" requests in the previous section. Judge Tigar did not just rubberstamp Judge Cousins' order, but instead performed his own review of the record in affirming Judge Cousins' ruling on denying the petition because the parties are able to discuss and negotiate information sharing in an already established venue. *See* ER-004 ("Given the nature of CPC's proposed discovery requests, ***as well as the pending litigation in Texas***, Judge Cousins acted within his discretion to deny CPC's

19

application as 'unduly intrusive or burdensome.'") (citation omitted) (emphasis added).

On this additional ground, Judge Tigar did not err in affirming Judge Cousins' denial of CPC's § 1782 petition.

## CONCLUSION

Apple respectfully requests the Court affirm the district court's order affirming the magistrate court's order denying CPC's § 1782 petition.

20

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32 (a)(7)(B) and Ninth Circuit Rule 32-1(a), I

certify that the attached brief is proportionally spaced, has a typeface of 14 points,

and contains 4,579 words.

Dated: December 14, 2021                    FISH AND RICHARDSON, P.C.

                                            s/ *Tony Nguyen*

                                            Seth M. Sproul
                                            John W. Thornburgh
                                            Tony Nguyen
                                            Eda Stark

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | No. 21-16212

I am the attorney or self-represented party.

**This brief contains** | 4,579 | **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated |    |.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Tony Nguyen | **Date** | December 14, 2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**      **SER-030**      *Rev. 12/01/2018*

# EXHIBIT A

Seth M. Sproul (CA SBN 217711);
*sproul@fr.com*
Jeffrey H. Burton (CA SBN 328305);
*burton@fr.com*
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

James R. Sigel (CA SBN 288478);
*jsigel@mofo.com*
Joel F. Wacks (CA SBN 326561);
*jwacks@mofo.com*
MORRISON & FOERSTER LLP
425 Market St.
San Francisco, CA 94105
Telephone:  (415) 268-7000
Facsimile:   (415) 268-7522

Attorneys for Respondent,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| CPC PATENT TECHNOLOGIES PTY LTD., | Case No. 4:21-mc-80091-JST |
| Petitioner, | **APPLE INC.'S OBJECTIONS AND RESPONSES TO CPC PATENT TECHNOLOGIES PTY LTD. SUBPOENA TO PRODUCE DOCUMENTS** |
| v. | |
| APPLE INC., | |
| Respondent. | |

1    Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Apple Inc. ("Apple")

2    hereby serves the following objections and responses to CPC Patent Technologies Pty Ltd.'s

3    ("CPC") Subpoena to Produce Document, Information, or Objects or to Permit Inspection of a

4    Premises in a Civil Action (the "Subpoena").  As stated in Apple's e-mail dated October 25, 2023,

5    CPC's attempt at service of the Subpoena on October 20, 2023, was deficient because (i) the

6    Subpoena did not reference any documents for production, nor did it reference the attached Exhibit

7    A, and (ii) the date of compliance listed in the Subpoena was October 20, 2023, the date of service.

8    Apple asked that CPC fix the deficiencies in re-serve the Subpoena, but CPC did not do so.  Apple

9    maintains the Subpoena is deficient for these reasons.

10                                  **RESERVATION OF RIGHTS**

11    The following objections and responses are based on Apple's current knowledge,

12    information and belief after making a reasonable inquiry within the time allotted by the Subpoena.

13    Apple's investigation into this matter is ongoing, and it is willing to meet and confer with CPC

14    regarding the scope of the information sought.  Apple reserves the right to supplement its objections

15    and responses to the Subpoena to the extent additional or different information becomes available.

16    Nothing in these objections or responses should be construed as a waiver of any rights of Apple

17    under applicable rules and governing laws.  Any documents provided in response to the Subpoena

18    will be made pursuant to the Modified Protective Order (Dkt. 55) entered in the underlying *ex parte*

19    petition for judicial assistance, with Apple reserving the right to request supplemental protections.

20    Nothing in these responses shall be deemed an admission by Apple regarding the existence

21    of any information, or the relevance or admissibility of any information, for any purpose, or the

22    truth or accuracy of any statement or characterization contained in any of CPC's Requests.  In

23    responding to CPC's Requests, Apple does not waive any objection on the grounds of privilege,

24    competency, relevance, materiality, authenticity, or admissibility of the information contained in

25    these responses.

26    Any statement by Apple indicating its agreement to produce any category of information or

27    documents is not a representation that any such documents or information in that category actually

28

1   exist in Apple's possession, custody, or control, or can be located through a reasonable search, or

2   that such documents or information are relevant or admissible.

3         Apple objects to the Subpoena and the Requests to the extent they require production of

4   information that may be subject to export controls or other such limitations on the transmission of

5   sensitive information outside of the United States.

6       **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

7         Apple objects and responds as follows:

8   **REQUEST NO. 1:**

9         Documents sufficient to describe the storage of enrolled fingerprint data in the iPhone

10   models and Apple laptop computers equipped with Touch ID (collectively "Apple Touch ID

11   Devices").

12   **RESPONSE TO REQUEST NO. 1:**

13         Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

14   granting relief under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

15   (2004). Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

16   11, 2023 Orders (Dkts. 46, 63).

17         Apple objects to this Request to the extent it requires the production of source code or other

18   highly confidential technical documentation.

19         Apple objects to this Request to the extent it seeks information that is available from public

20   sources. Apple refers to its Apple Platform Security Guide whitepaper, at

21   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf. CPC has not

22   indicated whether additional information is required beyond that which is publicly available.

23         Apple objects to this Request to the extent it seeks information protected from discovery by

24   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

25   joint defense privilege, and/or any other applicable privilege or protection. Apple further objects to

26   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

27   needs of the case with respect to "storage of enrolled fingerprint data in the iPhone models and

28   Apple laptop computers equipped with Touch ID" and "Apple Touch ID Devices." Apple further

1  objects to this Request, which uses the phrase "documents sufficient to show," because it is
2  "undefined and is likely to lead to unduly burdensome discovery." *See* Dkt. 5 at 3.  Apple further
3  objects to this Request to the extent it seeks documents concerning unannounced products.  Apple
4  further objects to this Request to the extent it is not bounded by any relevant time period or
5  geographic scope.  Apple further objects to this Request to the extent it seeks the production of
6  documents that are not maintained or created by Apple in the ordinary course of business.

7      Subject to and without waiving any of its objections, and to the extent Apple understands
8  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of
9  this Request and to discuss the production of documents pursuant to the procedures set forth in the
10  Modified Protective Order (Dkt. 55).

11  **REQUEST NO. 2:**

12      Documents sufficient to describe the manner of communicating fingerprint data from the
13  touch sensor to the Secure Enclave of the Apple Touch ID Devices, including an identification of
14  the components of such devices in such communication path.

15  **RESPONSE TO REQUEST NO. 2:**

16      Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against
17  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265
18  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October
19  11, 2023 Orders (Dkts. 46, 63).

20      Apple objects to this Request to the extent it requires the production of source code or other
21  highly confidential technical documentation.

22      Apple objects to this Request to the extent it seeks information that is available from public
23  sources.  Apple refers to its Apple Platform Security Guide whitepaper, at
24  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.  CPC has not
25  indicated whether additional information is required beyond that which is publicly available.

26      Apple objects to this Request to the extent it seeks information protected from discovery by
27  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,
28  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

1    this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

2    needs of the case with respect to "the manner of communicating fingerprint data from the touch

3    sensor to the Secure Enclave," "Apple Touch ID Devices," and "identification of the components

4    of such devices in such communication path."  Apple further objects to this Request, which uses the

5    phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly

6    burdensome discovery."  *See* Dkt. 5 at 3.  Apple further objects to this Request to the extent it seeks

7    documents concerning unannounced products.  Apple further objects to this Request to the extent it

8    is not bounded by any relevant time period or geographic scope.  Apple further objects to this

9    Request to the extent it seeks the production of documents that are not maintained or created by

10   Apple in the ordinary course of business.

11          Subject to and without waiving any of its objections, and to the extent Apple understands

12   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

13   this Request and to discuss the production of documents pursuant to the procedures set forth in the

14   Modified Protective Order (Dkt. 55).

15   **REQUEST NO. 3:**

16          Documents sufficient to describe the steps to perform the fingerprint matching in Apple

17   Touch ID.

18   **RESPONSE TO REQUEST NO. 3:**

19          Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

20   granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

21   (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

22   11, 2023 Orders (Dkts. 46, 63).

23          Apple objects to this Request to the extent it requires the production of source code or other

24   highly confidential technical documentation.

25          Apple objects to this Request to the extent it seeks information that is available from public

26   sources.    Apple    refers    to    its    Apple    Platform    Security    Guide    whitepaper,    at

27   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC    has    not

28   indicated whether additional information is required beyond that which is publicly available.

1   Apple objects to this Request to the extent it seeks information protected from discovery by

2   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

3   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

4   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

5   needs of the case with respect to "the steps to perform the fingerprint matching in Apple Touch ID."

6   Apple further objects to this Request, which uses the phrase "documents sufficient to show,"

7   because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.

8   Apple objects to this Request to the extent it seeks documents concerning unannounced products.

9   Apple further objects to this Request to the extent it is not bounded by any relevant time period or

10  geographic scope.  Apple further objects to this Request to the extent it seeks the production of

11  documents that are not maintained or created by Apple in the ordinary course of business.

12  Subject to and without waiving any of its objections, and to the extent Apple understands

13  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

14  this Request and to discuss the production of documents pursuant to the procedures set forth in the

15  Modified Protective Order (Dkt. 55).

16  **REQUEST NO. 4:**

17  Documents sufficient to describe the communication to the Secure Element of the Apple

18  Touch ID Devices upon a successful fingerprint match, including an identification of the

19  components of such devices in such communication path.

20  **RESPONSE TO REQUEST NO. 4:**

21  Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

22  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

23  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

24  11, 2023 Orders (Dkts. 46, 63).

25  Apple objects to this Request to the extent it requires the production of source code or other

26  highly confidential technical documentation.

27  Apple objects to this Request to the extent it seeks information that is available from public

28  sources.     Apple     refers     to     its     Apple     Platform     Security     Guide     whitepaper,     at

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.       CPC   has   not

2   indicated whether additional information is required beyond that which is publicly available.

3          Apple objects to this Request to the extent it seeks information protected from discovery by

4   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

5   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

6   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

7   needs of the case with respect to "the communication to the Secure Element … upon a successful

8   fingerprint match," "Apple Touch ID Devices," and "an identification of the components of such

9   devices in such communication path."  Apple further objects to this Request, which uses the phrase

10  "documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome

11  discovery."  *See* Dkt. 5 at 3.  Apple objects to this Request to the extent it seeks documents

12  concerning unannounced products.  Apple further objects to this Request to the extent it is not

13  bounded by any relevant time period or geographic scope.  Apple further objects to this Request to

14  the extent it seeks the production of documents that are not maintained or created by Apple in the

15  ordinary course of business.

16         Subject to and without waiving any of its objections, and to the extent Apple understands

17  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

18  this Request and to discuss the production of documents pursuant to the procedures set forth in the

19  Modified Protective Order (Dkt. 55).

20  **REQUEST NO. 5:**

21         Documents sufficient to describe the collection and storage of enrolled facial data utilized in

22  iPhone models and Apple laptop computers equipped with Face ID (collectively "Apple Face ID

23  Devices"), including an identification of the components involved of such devices in such storage,

24  and the location of such storage.

25  **RESPONSE TO REQUEST NO. 5:**

26         Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

27  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1   (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

2   11, 2023 Orders (Dkts. 46, 63).

3          Apple objects to this Request to the extent it requires the production of source code or other

4   highly confidential technical documentation.

5          Apple objects to this Request to the extent it seeks information that is available from public

6   sources.      Apple     refers     to     its     Apple     Platform     Security     Guide     whitepaper,     at

7   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.      CPC      has      not

8   indicated whether additional information is required beyond that which is publicly available.

9          Apple objects to this Request to the extent it seeks information protected from discovery by

10  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

11  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

12  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

13  needs of the case with respect to "the collection and storage of enrolled facial data utilized in iPhone

14  models and Apple laptop computers," "Apple Face ID Devices," and "including an identification of

15  the components involved of such devices in such storage, and the location of such storage."  Apple

16  further objects to this Request, which uses the phrase "documents sufficient to show," because it is

17  "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.  Apple objects

18  to this Request to the extent it seeks documents concerning unannounced products.  Apple further

19  objects to this Request to the extent it is not bounded by any relevant time period or geographic

20  scope.  Apple further objects to this Request to the extent it seeks the production of documents that

21  are not maintained or created by Apple in the ordinary course of business.

22         Subject to and without waiving any of its objections, and to the extent Apple understands

23  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

24  this Request and to discuss the production of documents pursuant to the procedures set forth in the

25  Modified Protective Order (Dkt. 55).

26  **REQUEST NO. 6:**

27         Documents sufficient to describe the steps to perform the facial data matching in Apple Face

28  ID.

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1    **RESPONSE TO REQUEST NO. 6:**

2          Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

3    granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

4    (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

5    11, 2023 Orders (Dkts. 46, 63).

6          Apple objects to this Request to the extent it requires the production of source code or other

7    highly confidential technical documentation.

8          Apple objects to this Request to the extent it seeks information that is available from public

9    sources.    Apple    refers    to    its    Apple    Platform    Security    Guide    whitepaper,    at

10   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

11   indicated whether additional information is required beyond that which is publicly available.

12         Apple objects to this Request to the extent it seeks information protected from discovery by

13   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

14   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

15   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

16   needs of the case with respect to "the steps to perform the facial data matching in Apple Face ID."

17   Apple further objects to this Request, which uses the phrase "documents sufficient to show,"

18   because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.

19   Apple further objects to this Request to the extent it seeks documents concerning unannounced

20   products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

21   period or geographic scope.   Apple further objects to this Request to the extent it seeks the

22   production of documents that are not maintained or created by Apple in the ordinary course of

23   business.

24         Subject to and without waiving any of its objections, and to the extent Apple understands

25   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

26   this Request and to discuss the production of documents pursuant to the procedures set forth in the

27   Modified Protective Order (Dkt. 55).

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1    **REQUEST NO. 7:**

2         Documents sufficient to describe the manner in which a successful facial data match is

3    communicated to the Secure Element of the Apple Face ID Devices.

4    **RESPONSE TO REQUEST NO. 7:**

5         Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

6    granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

7    (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

8    11, 2023 Orders (Dkts. 46, 63).

9         Apple objects to this Request to the extent it requires the production of source code or other

10   highly confidential technical documentation.

11        Apple objects to this Request to the extent it seeks information that is available from public

12   sources.     Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

13   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.     CPC   has   not

14   indicated whether additional information is required beyond that which is publicly available.

15        Apple objects to this Request to the extent it seeks information protected from discovery by

16   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

17   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

18   this Request vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs

19   of the case with respect to "the manner in which a successful facial data match is communicated to

20   the Secure Element" and "Apple Face ID Devices."  Apple further objects to this Request, which

21   uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to

22   unduly burdensome discovery."  *See* Dkt. 5 at 3.  Apple further objects to this Request to the extent

23   it seeks documents concerning unannounced products.  Apple further objects to this Request to the

24   extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to

25   this Request to the extent it seeks the production of documents that are not maintained or created by

26   Apple in the ordinary course of business.

27        Subject to and without waiving any of its objections, and to the extent Apple understands

28   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1    this Request and to discuss the production of documents pursuant to the procedures set forth in the

2    Modified Protective Order (Dkt. 55).

3    **REQUEST NO. 8:**

4         Documents sufficient to describe the role of the Application Processor in the functionality

5    of Apple Touch ID.

6    **RESPONSE TO REQUEST NO. 8:**

7         Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

8    granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

9    (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

10   11, 2023 Orders (Dkts. 46, 63).

11        Apple objects to this Request to the extent it requires the production of source code or other

12   highly confidential technical documentation.

13        Apple objects to this Request to the extent it seeks information that is available from public

14   sources.    Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

15   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

16   indicated whether additional information is required beyond that which is publicly available.

17        Apple objects to this Request to the extent it seeks information protected from discovery by

18   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

19   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

20   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

21   needs of the case with respect to "the role of the Application Processor in the functionality of Apple

22   Touch ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

23   show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

24   at 3.  Apple objects to this Request to the extent it seeks documents concerning unannounced

25   products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

26   period or geographic scope.  Apple further objects to this Request to the extent it seeks the

27   production of documents that are not maintained or created by Apple in the ordinary course of

28   business.

1    Subject to and without waiving any of its objections, and to the extent Apple understands

2  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

3  this Request and to discuss the production of documents pursuant to the procedures set forth in the

4  Modified Protective Order (Dkt. 55).

5  **REQUEST NO. 9:**

6    Documents sufficient to describe the role of the Application Processor in the functionality

7  of Apple Face ID.

8  **RESPONSE TO REQUEST NO. 9:**

9    Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

10  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

11  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

12  11, 2023 Orders (Dkts. 46, 63).

13    Apple objects to this Request to the extent it requires the production of source code or other

14  highly confidential technical documentation.

15    Apple objects to this Request to the extent it seeks information that is available from public

16  sources.    Apple    refers    to    its    Apple    Platform    Security    Guide    whitepaper,    at

17  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

18  indicated whether additional information is required beyond that which is publicly available.

19    Apple objects to this Request to the extent it seeks information protected from discovery by

20  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

21  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

22  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

23  needs of the case with respect to "the role of the Application Processor in the functionality of Apple

24  Face ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

25  show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

26  at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced

27  products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

28  period or geographic scope.  Apple further objects to this Request to the extent it seeks the

1  production of documents that are not maintained or created by Apple in the ordinary course of

2  business.

3        Subject to and without waiving any of its objections, and to the extent Apple understands

4  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

5  this Request and to discuss the production of documents pursuant to the procedures set forth in the

6  Modified Protective Order (Dkt. 55).

7  **REQUEST NO. 10:**

8        Documents sufficient to describe the role of the Secure Enclave in the functionality of the

9  Apple Touch ID.

10  **RESPONSE TO REQUEST NO. 10:**

11        Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

12  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

13  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

14  11, 2023 Orders (Dkts. 46, 63).

15        Apple objects to this Request to the extent it requires the production of source code or other

16  highly confidential technical documentation.

17        Apple objects to this Request to the extent it seeks information that is available from public

18  sources.  Apple  refers  to  its  Apple  Platform  Security  Guide  whitepaper,  at

19  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.  CPC  has  not

20  indicated whether additional information is required beyond that which is publicly available.

21        Apple objects to this Request to the extent it seeks information protected from discovery by

22  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

23  joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

24  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

25  needs of the case with respect to "the role of the Secure Enclave in the functionality of the Apple

26  Touch ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

27  show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5

28  at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced

1    products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

2    period or geographic scope.  Apple further objects to this Request to the extent it seeks the

3    production of documents that are not maintained or created by Apple in the ordinary course of

4    business.

5         Subject to and without waiving any of its objections, and to the extent Apple understands

6    this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

7    this Request and to discuss the production of documents pursuant to the procedures set forth in the

8    Modified Protective Order (Dkt. 55).

9    **REQUEST NO. 11:**

10        Documents sufficient to describe the role of the Secure Enclave in the functionality of the

11   Apple Face ID.

12   **RESPONSE TO REQUEST NO. 11:**

13        Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

14   granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

15   (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

16   11, 2023 Orders (Dkts. 46, 63).

17        Apple objects to this Request to the extent it requires the production of source code or other

18   highly confidential technical documentation.

19        Apple objects to this Request to the extent it seeks information that is available from public

20   sources.    Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

21   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

22   indicated whether additional information is required beyond that which is publicly available.

23        Apple objects to this Request to the extent it seeks information protected from discovery by

24   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

25   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

26   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

27   needs of the case with respect to "the role of the Secure Enclave in the functionality of the Apple

28   Face ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1   show," because it is "undefined and is likely to lead to unduly burdensome discovery." *See* Dkt. 5

2   at 3. Apple further objects to this Request to the extent it seeks documents concerning unannounced

3   products. Apple further objects to this Request to the extent it is not bounded by any relevant time

4   period or geographic scope. Apple further objects to this Request to the extent it seeks the

5   production of documents that are not maintained or created by Apple in the ordinary course of

6   business.

7           Subject to and without waiving any of its objections, and to the extent Apple understands

8   this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

9   this Request and to discuss the production of documents pursuant to the procedures set forth in the

10  Modified Protective Order (Dkt. 55).

11  **REQUEST NO. 12:**

12          Documents sufficient to describe the role of the Neural Engine in the functionality of Apple

13  Touch ID.

14  **RESPONSE TO REQUEST NO. 12:**

15          Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

16  granting relief under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

17  (2004). Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

18  11, 2023 Orders (Dkts. 46, 63).

19          Apple objects to this Request to the extent it requires the production of source code or other

20  highly confidential technical documentation.

21          Apple objects to this Request to the extent it seeks information that is available from public

22  sources.      Apple      refers      to      its      Apple      Platform      Security      Guide      whitepaper,      at

23  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.      CPC      has      not

24  indicated whether additional information is required beyond that which is publicly available.

25          Apple objects to this Request to the extent it seeks information protected from discovery by

26  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

27  joint defense privilege, and/or any other applicable privilege or protection. Apple further objects to

28  this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1  needs of the case with respect to "the role of the Neural Engine in the functionality of Apple Touch

2  ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to show,"

3  because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.

4  Apple further objects to this Request to the extent it seeks documents concerning unannounced

5  products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

6  period or geographic scope.  Apple further objects to this Request to the extent it seeks the

7  production of documents that are not maintained or created by Apple in the ordinary course of

8  business.

9          Subject to and without waiving any of its objections, and to the extent Apple understands

10  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

11  this Request and to discuss the production of documents pursuant to the procedures set forth in the

12  Modified Protective Order (Dkt. 55).

13  **REQUEST NO. 13:**

14          Documents sufficient to describe the role of the Neural Engine in the functionality of Apple

15  Face ID.

16  **RESPONSE TO REQUEST NO. 13:**

17          Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

18  granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

19  (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

20  11, 2023 Orders (Dkts. 46, 63).

21          Apple objects to this Request to the extent it requires the production of source code or other

22  highly confidential technical documentation.

23          Apple objects to this Request to the extent it seeks information that is available from public

24  sources.     Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

25  https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.     CPC   has   not

26  indicated whether additional information is required beyond that which is publicly available.

27          Apple objects to this Request to the extent it seeks information protected from discovery by

28  the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1    joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

2    this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

3    needs of the case with respect to "the role of the Neural Engine in the functionality of Apple Touch

4    ID."  Apple further objects to this Request, which uses the phrase "documents sufficient to show,"

5    because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.

6    Apple further objects to this Request to the extent it seeks documents concerning unannounced

7    products.  Apple further objects to this Request to the extent it is not bounded by any relevant time

8    period or geographic scope.   Apple further objects to this Request to the extent it seeks the

9    production of documents that are not maintained or created by Apple in the ordinary course of

10    business.

11        Subject to and without waiving any of its objections, and to the extent Apple understands

12    this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

13    this Request and to discuss the production of documents pursuant to the procedures set forth in the

14    Modified Protective Order (Dkt. 55).

15    **REQUEST NO. 14:**

16        Documents sufficient to describe the device unlocking function in the Apple Touch ID

17    Devices, including an identification of the components of such devices involved in such function.

18    **RESPONSE TO REQUEST NO. 14:**

19        Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against

20    granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265

21    (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October

22    11, 2023 Orders (Dkts. 46, 63).

23        Apple objects to this Request to the extent it requires the production of source code or other

24    highly confidential technical documentation.

25        Apple objects to this Request to the extent it seeks information that is available from public

26    sources.    Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

27    https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.    CPC   has   not

28    indicated whether additional information is required beyond that which is publicly available.

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

Apple objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege, work product doctrine or immunity, common legal interest privilege, joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case with respect to "the device unlocking function," "Apple Touch ID Devices," and "including an identification of the components of such devices involved in such function."  Apple further objects to this Request, which uses the phrase "documents sufficient to show," because it is "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.  Apple further objects to this Request to the extent it seeks documents concerning unannounced products.  Apple further objects to this Request to the extent it is not bounded by any relevant time period or geographic scope.  Apple further objects to this Request to the extent it seeks the production of documents that are not maintained or created by Apple in the ordinary course of business.

Subject to and without waiving any of its objections, and to the extent Apple understands this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of this Request and to discuss the production of documents pursuant to the procedures set forth in the Modified Protective Order (Dkt. 55).

**REQUEST NO. 15:**

Documents sufficient to describe the device unlocking function in the Apple Face ID Devices, including an identification of the components of such devices involved in such function.

**RESPONSE TO REQUEST NO. 15:**

Apple objects to this Subpoena because the four discretionary *Intel* factors weigh against granting relief under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 264, 265 (2004).  Apple will soon file a Notice of Appeal regarding the Court's January 3, 2023 and October 11, 2023 Orders (Dkts. 46, 63).

Apple objects to this Request to the extent it requires the production of source code or other highly confidential technical documentation.

Apple objects to this Request to the extent it seeks information that is available from public sources.   Apple   refers   to   its   Apple   Platform   Security   Guide   whitepaper,   at

APPLE INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA
Case No. 4:21-mc-80091-JST

1   https://help.apple.com/pdf/security/en_US/apple-platform-security-guide.pdf.   CPC   has   not

2   indicated whether additional information is required beyond that which is publicly available.

3        Apple objects to this Request to the extent it seeks information protected from discovery by

4   the attorney-client privilege, work product doctrine or immunity, common legal interest privilege,

5   joint defense privilege, and/or any other applicable privilege or protection.  Apple further objects to

6   this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the

7   needs of the case with respect to "the device unlocking function," "Apple Face ID Devices," and

8   "an identification of the components of such devices involved in such function."  Apple further

9   objects to this Request, which uses the phrase "documents sufficient to show," because it is

10  "undefined and is likely to lead to unduly burdensome discovery."  *See* Dkt. 5 at 3.   Apple objects

11  to this Request to the extent it seeks documents concerning unannounced products.  Apple further

12  objects to this Request to the extent it is not bounded by any relevant time period or geographic

13  scope.  Apple further objects to this Request to the extent it seeks the production of documents that

14  are not maintained or created by Apple in the ordinary course of business.

15       Subject to and without waiving any of its objections, and to the extent Apple understands

16  this Request, Apple responds as follows: Apple is willing to meet and confer regarding the scope of

17  this Request and to discuss the production of documents pursuant to the procedures set forth in the

18  Modified Protective Order (Dkt. 55).

19

20

21

22  Dated:  November 7, 2023               FISH & RICHARDSON P.C.

23

24                               By:  */s/ Seth M. Sproul*
                                  

25                                   Seth M. Sproul

26                                 Attorney for Respondent
                               APPLE INC.

27

28

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2023, a true and correct copy of the foregoing was served on counsel of record for Plaintiff via electronic mail.

| | |
|---|---|
| George C. Summerfield<br>James A. Shimota<br>K&L Gates LLP<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br><br>Elizabeth Abbott Gilman<br>K & L Gates LLP<br>1000 Main, Suite 2550<br>Houston, TX 77002 | Stewart Mesher<br>K & L Gates LLP<br>2801 Via Fortuna, Suite 350<br>Austin, TX 77002<br>Attorneys for<br>CPC Patent Technologies Pty Ltd.<br><br>Email Service List:<br>CPCKLGUSService@klgates.com |

*/s/ Joy B. Kete*
Joy B. Kete

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SUBPOENA
Case No. 4:21-mc-80091-JST

1  Seth M. Sproul (CA Bar No. 217711); sproul@fr.com
   FISH & RICHARDSON P.C.
2  12860 El Camino Real, Suite 400
   San Diego, CA 92130
3  Telephone: (858) 678-5070
   Facsimile: (858) 678-5099
4

5  Attorney for Respondent
   APPLE INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        (SAN JOSE DIVISION)

11

12 | In The Matter of an *ex parte* Petition for        Case No.  5:21-mc-80091
   | Judicial Assistance Pursuant to 28 U.S.C. §
13 | 1782, by                                            **RESPONDENT APPLE INC.'S
   |                                                     RESPONSE/OPPOSITION TO
14 | CPC Patent Technologies PTY Ltd.,                   PETITIONER'S MOTION FOR *DE NOVO*
   |                                                     DETERMINATION OF DISPOSITIVE
15 | Petitioner,                                         MATTER REFERRED TO
   |                                                     MAGISTRATE JUDGE**
16 | In support of legal proceedings in the
   | Federal Republic of Germany                        Judge: Honorable Jon. S. Tigar
17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2            Pursuant to Fed. R. Civ. P. 72, N.D. Cal. R. 72, and 28 U.S.C. § 1782(a), Respondent Apple

3    Inc. opposes Petitioner CPC Patent Technologies Pty Ltd.'s Motion for *de novo* Determination of

4    Dispositive Matter Referred to Magistrate Judge Pursuant to Fed. R. Civ. P. 72 and N.D. Cal. R.

5    72-3 (the "Motion") because CPC identified the wrong standard of review.

6    **II.    ARGUMENT**

        **A.    CPC's Motion Should be Denied for Identifying the Wrong Standard of**
7            **Review**

8

9            Procedural issues aside,[1] CPC's Motion should be denied because CPC identifies the

10   incorrect standard of review.  CPC's motion fails to inform the Court that there is considerable

11   authority holding the proper standard of review is not *de novo* as it suggests, but clear error.  Under

12   the correct standard of review, Judge Cousin's order is not an abuse of discretion and should be

13   upheld.

14                **1.    CPC did not apply the correct standard of review**

15           CPC self-styled its Motion as a "Motion for *de novo* Determination of Dispositive Matter

16   Referred to Magistrate Judge" in view of N.D. Cal. R. 72-3.  CPC incorrectly asserts that the

17   magistrate judge's denial of its discovery application is a dispositive motion, and on that basis

18   presumes *de novo* review.  Although the Ninth Circuit has not clearly ruled on this issue, most

19   district courts in the circuit appear to view § 1782 motions as non-dispositive and apply the clear

20   error standard, not *de novo* review.  *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.,* No.

21   19-mc-80215-WHO, 2020 WL 1694353, at *2 (N.D. Cal. Apr. 7, 2020) ("The parties disagree as

22   to whether a magistrate judge's ruling on a Section 1782 application should be reviewed for clear

23   error or de novo. The Ninth Circuit has not yet clearly ruled on this issue and courts have applied

24

25

26   ─────────────
     [1] Apple notes that CPC failed to serve Apple as required by Fed. R. Civ. P. 72 or the Court's
     initial order.  *See* Dkt. No. 9.  After the Court ordered CPC to serve Apple with its Motion on
27   May 20, CPC did so on May 24.  CPC's approach to this motion and its prosecution suggest
     CPC is not serious about the relief sought.  CPC's motion should be denied for reasons set forth
28   herein.

APPLE'S RESPONSE/OPPOSITION TO MOTION FOR *DE NOVO* DETERMINATION
No. 5:21-MC-80091

different standards, although most courts appear to apply the clear error standard.") (citations omitted).

As a non-dispositive matter, CPC's Motion should be analyzed under Fed. R. Civ. P. 72(a), titled "Nondispositive Matters," rather than under Fed. R. Civ. P. 72(b), which applies to "Dispositive Motions and Prisoner Petitions." For the same reasons, Local Rule 72-2, "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge," applies, not Local rule 72-3, "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge." *Compare* N.D. Cal. R. 72-2 *to* 72-3. Under Rule 72-2, the Court cannot grant the motion unless Apple is given an opportunity to respond:

> The moving party must deliver any manually filed motion and all attachments to all other parties on the same day that the motion is filed. Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, ***but may not grant it without first giving the opposing party an opportunity to respond.*** If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied. The Clerk shall notify parties when a motion has been deemed denied.

N.D. Cal. R. 72-2 (emphasis added).

CPC's motion failed to identify this counter authority for the Court, and that district judges in this district have found clear error to be the correct standard. *See de Leon v. Clorox Co.,* No. 19-mc-80296-EMC, 2021 WL 718840, at *3 (N.D. Cal. Feb. 24, 2021) ("…but Intervenors admit that courts in this judicial district are divided on whether a ruling on a motion to quash a § 1782 subpoena is dispositive or non-dispositive for purposes of Rule 72."). In *Snowflake Inc. v. Yeti Data, Inc.*, District Judge Edward M. Chen dealt with this matter less than three months ago:

> ***The Ninth Circuit has treated a § 1782 order by a Magistrate Judge as a non-dispositive pretrial matter with binding effect***. *See Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002) (reviewing the Magistrate Judge's decision to deny much of the relief sought by the § 1782 applicant for abuse of discretion). As the district court noted in *Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-mc-80071-BLF, 2017 U.S. Dist. LEXIS 171949, 2017 WL 4647753 (N.D. Cal. Oct. 16, 2017), many courts in this district have relied on *Four Pillars* to conclude that an order on a § 1782 application is a non-dispositive matter that is binding and subject to clear error review under § 636(b)(1)(A). *See id.* at *5-6, 2017 WL 4647753 at *2 (collecting cases). ***The Court follows the holding in Four Pillars*** and treats Judge Cousins' ruling on Yeti's

1    Motion to Vacate as a binding ruling on a non-dispositive matter.

2    *Snowflake Inc. v. Yeti Data, Inc.*, No. 20-mc-80190-EMC, 2020 WL 1056550, at *3 (N.D. Cal.

3    Mar. 18, 2021); *see also, e.g., In re Application of AIS GmbH Aachen Innovative Solutions &*

4    *Abiomed Europe GmbH*, No. 5:16-mc-80094-EJD, 2017 WL 31155228, at *6 (N.D. Cal. July 21,

5    2017) ("For these reasons, Judge Lloyd's consideration of the factors relevant to a § 1782

6    application was not clearly erroneous or contrary to law."). Therefore, CPC's self-identified *de*

7    *novo* review standard should be disregarded. The Court should review Magistrate Cousin's denial

8    of CPC's § 1782 *ex parte* application for clear error.

9    **2.    Applying the proper standard of review, the order from the
         magistrate judge should be affirmed**

10

11    Magistrate Cousins made no clear errors in his denial of CPC's § 1782 application.

12    Magistrate Cousins analyzed each of the statutory factors in turn and found that CPC satisfied each

13    statutory factor. Dkt. No. 5 at 3 ("First, CPC seeks discovery from Apple, which is headquartered

14    in Cupertino, California, and therefore resides in this district. Second, CPC seeks discovery to

15    initiate a lawsuit in Germany. *See Intel*, 542 U.S. at 258-59 (stating that the foreign adjudicative

16    proceeding for which discovery is sought needs only be 'within reasonable contemplation,' not

17    'pending' or 'imminent'). Finally, as the plaintiff in an anticipated lawsuit, CPC is an 'interested

18    person,' under 28 U.S.C. § 1782. *See id*. at 256-57."). Apple takes no position on this portion of

19    Magistrate Cousin's order.

20    Magistrate Cousins then analyzed the discretionary factors and denied CPC's § 1782

21    application based on those factors weighing against CPC's request. *See id.* CPC fails to identify

22    any clear error in its Motion. Magistrate Cousins recognized that the Court has discretion, even if

23    the statutory factors are all met, to deny a § 1782 application. *See id*. at 2 ("Even once the statutory

24    requirements are met, the district court retains discretion to determine whether to grant an

25    application, under § 1782.") (citing *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241,

26    246 (2004)). Analyzing the four *Intel* discretionary factors, Magistrate Cousins denied CPC's §

27    1782 application based on two of these factors. *Id.* at 3.

28

APPLE'S RESPONSE/OPPOSITION TO MOTION FOR *DE
NOVO* DETERMINATION
NO. 5:21-MC-80091

First, Magistrate Judge Cousins found CPC's application to be unduly intrusive or burdensome because (1) "CPC requests documents from Apple in fifteen different categories" and (2) the repeated use of a "sufficient to show" descriptor in its requests is "undefined and is likely to lead to unduly burdensome discovery." *Id*. Judge Cousins' analysis is correct. The laundry list of document requests coupled with broad, nebulous language makes CPC's requests unduly burdensome on Apple.

Second, Magistrate Judge Cousins found CPC's application to be inappropriate because of the existing litigation between CPC and Apple in the Western District of Texas. *Id.* Magistrate Cousins correctly noted that seeking *ex parte* discovery in one forum is inefficient when the parties are already in litigation in another forum and can negotiate information sharing there. *See id.* ("The Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue."). It is unduly burdensome for Apple to have to negotiate this type of information sharing in two forums, under separate schedules. Because CPC's anticipated litigation in Germany involves a counterpart to one of the three patents-in-suit in the Western District of Texas litigation, CPC is likely to lodge similar discovery requests in the Western District of Texas but under a different schedule, as discovery is not set to open until after the *Markman* hearing, which Apple anticipates will be held no earlier than November. There, the parties can and will determine the proper scope of the requests and produce the appropriate documents. Having to do this twice is unnecessarily burdensome on Apple.

Magistrate Cousins properly identified the burden associated with these two factors and his decision to deny CPC's § 1782 application was correct and a proper exercise of the Court's discretion.

## III.   CONCLUSION

For the reasons stated above, the Court should deny CPC's Motion for *de novo* Determination of Dispositive Matter Referred to Magistrate Judge.

1   Dated:  June 10, 2021                    FISH & RICHARDSON P.C.

2

3                                      By:   /s/ Seth M. Sproul
                                            Seth M. Sproul

4

5                                           Attorney for Respondent
                                            APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S RESPONSE/OPPOSITION TO MOTION FOR DE
NOVO DETERMINATION
No. 5:21-MC-80091

George C. Summerfield (#P40644)
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Tel.: +1 (312) 807-4376
Fax: +1 (312) 827-8000
george.summerfield@klgates.com

*Attorney for Petitioner CPC Patent Technologies PTY Ltd.*

## UNITED STATES DISTRICT COURT FOR
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In The Matter of an *ex parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>CPC Patent Technologies PTY Ltd.,<br><br>Petitioner,<br><br>In support of legal proceedings in the Federal Republic of Germany | Case No. 5:21-mc-80091-NC<br><br>MEMORANDUM IN SUPPORT OF CPC PATENT TECHNOLOGIES PTY LTD.'S MOTION FOR *DE NOVO* DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE PURSUANT TO FED. R. CIV. P. 72 AND N.D. CAL. R. 72-3 |

## I.   Introduction

Petitioner, CPC Patent Technologies PTY Ltd. ("CPC") submits this Memorandum in support of its Motion for *de novo* determination of CPC's Petition for an *Ex Parte* Order authorizing it to obtain discovery from Apple, Inc. ("Apple") for use in contemplated patent infringement proceedings in the Federal Republic of Germany pursuant to 28 U.S.C. § 1782(a). Specifically, CPC seeks an Order allowing it to serve a subpoena *duces tecum* for the documents identified in Exhibit A, hereto, to support the Foreign Proceedings.  Magistrate Judge Cousins originally denied the Petition, occasioning this motion.  *See* ECF Docket No. 5.

## II.   Preliminary Statement

CPC is the owner by assignment of a patent portfolio directed generally to biometric security in the access to, *inter alia,* electronic devices.  CPC has initiated a patent infringement action against Apple in a matter styled *CPC Patent Technologies PTY Ltd. v. Apple, Inc.,* 21-cv-00165 (W.D. Tex.) ("the Texas Litigation"). The complaint in that matter is attached hereto as Exhibit B.  The patents at issue in the Texas Litigation are U.S. Patent Nos. 9,269,208, 9,665,705 ("the '705 Patent"), and 8,620,039 (collectively "the U.S. Patents").  *See* Ex. B, ¶ 1. The products accused of patent infringement in that case are electronic devices with biometric security measures, such as iPhones, iPads, and personal computers.

CPC intends to file suit for patent infringement against Apple Retail Germany B.V. & Co. KG in Germany, asserting the German patent corresponding to the '705 Patent.  CPC therefore seeks discovery pursuant to 28 U.S.C. § 1782(a), which provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement . . . for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given . . . before a person appointed by the court. . . . The order

may prescribe the practice and procedure . . . for taking the testimony or statement . . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

## III.  Argument

The language of section 1782(a) "has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).  Once those three statutory requirements are met, a district court has wide discretion to grant discovery under section 1782. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004); *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1079 (9th Cir. 2002).

In exercising its discretion, a district court should be guided by the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;" (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. However, a district court need not explicitly address every factor, nor is it confined to the four *Intel* factors in deciding whether to exercise its broad discretion. *See Akebia Therapeutics, Inc. v. Fibrogen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015), *citing United States v. Sealed 1*, 235 F.3d 1200, 1206 (9th Cir. 2000).

A district court's discretion is to be exercised in view of the twin aims of section 1782, "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (citation and internal quotation marks omitted).

In order to obtain relief under section 1782, a petitioner must satisfy three statutory prerequisites: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. *In re Kleimar N.V.,* No. 17-cv-01287, 2017 WL 3386115, at *4 (N.D. Ill. Aug. 7, 2017).

Additionally, a court can consider four discretionary factors in deciding whether to grant a section 1782(a) application: (1) whether the testimony sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 assistance; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004). In any case, courts "err on the side of permitting discovery" under section 1782. *See In re Varian Medical Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 at *4 (N.D. Cal. Mar. 24, 2016).

### A. The Documents Requested are Located in this Judicial District

Apple's headquarters are located in this Judicial District. Apple has been headquartered in Cupertino, California since 1976. *In re Apple, Inc.,* 743 F.3d 1377, 1379 (2014) (Newman, J, Dissenting). Apple's management and primary research and

development facilities are also located in Cupertino where Apple employs over 13,000 people. *Id.* at 1379-80. The research, design, and development of the iPhone took place in Cupertino and virtually all Apple business documents and records relating to the research, design, development, marketing strategy, and product revenue for the accused products are located in or near Cupertino. *Id.* at 1380.

**B.   The Evidence Sought is for Use in a Foreign Tribunal**

The documents sought from Apple are for use in a foreign tribunal. *See, e.g., AIS GmbHAachen Innovative Sols. v. Thoratec LLC*, 762 F. App'x 447, 448 (9th Cir. 2019) (German courts adjudicating patent infringement matters are foreign tribunals).

**C.   The Evidence is Sought by an Interested Person**

CPC is an "interested person" within the meaning of section 1782(a). *See Intel,* 542 U.S. at 256 ("interested person" includes "litigants before foreign or international tribunals").

**D.   Apple is not a Party to the Foreign Proceeding**

Apple will not itself be a party to the litigation in Germany, although a company related to it will be. A court will more freely grant a petition under section 1782(a) where the testimony in question is sought from a third party. *Intel Corp.,* 542 U.S. at 264-65.

**E.   The German Court Would Consider the Subject Evidence**

German courts are receptive to receiving evidence obtained in the United States via section 1782. *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 19-mc-80215, Order (Feb. 19, 2020) [ECF Docket No. 42] (Ex. C) at 7.

**F.   The Petition Does Not Conceal an Attempt to Circumvent Foreign Proof Gathering Restrictions**

There is no evidence that German courts prohibit the discovery sought in the instant Petition. *See, e.g., Illumina Cambridge,* Order at 9, *citing In re IPCom GMBH & Co.*, 2014 WL 12772090 at *3 (N.D. Cal. Apr. 10, 2014) (noting there is no

circumvention because "U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings").

**G.     The Document Requests are not Unduly Burdensome**

Courts may consider whether discovery requests under section 1782 are "unduly intrusive or burdensome" and should be "rejected or trimmed." *Intel,* 542 U.S. at 265.  Here, CPC seeks documents regarding the development of discrete biometric security features of particular consumer electronic devices.  Further, the categories seek documents "sufficient to show" different aspects of such features, rather than seeking "all" documents related to such aspects.  Under the circumstances, the subject requests are not unduly burdensome.

**H.     The Magistrate Judge's Decision**

The Magistrate initially noted that "CPC satisfies the statutory requirements" of section 1782, but he nonetheless exercised his discretion in denying the Petition because: 1) the Petition seeks documents in 15 categories; 2) the language "sufficient to show" modifying each of the 15 categories "is undefined and is likely to lead to unduly burdensome discovery;" and 3) "[t[he Court disfavors granting an *ex parte* discovery application when the parties involved are able to discuss and negotiate information sharing in an already established venue."  ECF Docket No. 5 at 3.

As concerns the first two categories, in a separate matter, Apple served third party discovery on Google, Inc. ("Google") that included twelve different document categories, several of which sought documents "sufficient to show" the information sought.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-cv-00630 (N.D. Cal. April 24, 2012) [ECF Docket No. 135] (Ex. D) at 3-9.[1]  This Court granted Apple's motion to compel the subject discovery sought from Google to the extent it pertained to the accused features of the product accused in the litigation.  *Apple, Inc. v. Samsung*

---

[1] The requests at issue in that case also included those for "all documents" and "documents related to" the subject information, *i.e.,* broader than documents "sufficient to show."

*Electronics Co., Ltd.*, 12-cv-00630, 2012 WL 1595793 (N.D. Cal. May 4, 2012) at \*4. The discovery sought by CPC is analogous to that ordered to be produced in the *Apple* litigation.

As for the co-pending litigation in the United States between CPC and Apple, while CPC will certainly obtain discovery from Apple in that proceeding, it is equally certain that Apple will insist upon a protective order limiting the use of discovered information, to the extent it is confidential, to that litigation. In other words, Apple will not allow CPC to use in Germany the information it discovers in the U.S. litigation. As such, the notion that CPC and Apple will "negotiate information sharing" is unfounded. Thus, although not necessary to consider in a *de novo* determination on this issue, the Magistrate Judge's bases for denying the Petition are unfounded.

**IV.    Conclusion**

For the foregoing reasons, this Court should grant CPC's motion and the underlying Petition pursuant to 28 U.S.C. § 1782(a) and issue an Order authorizing the requested discovery.

Dated:  April 29, 2021                  Respectfully submitted,

                                    By:    */s/ George C. Summerfield*
                                            George C. Summerfield  (#P40644)
                                            K&L Gates LLP
                                            70 West Madison Street, Suite 3300
                                            Chicago, Illinois 60602
                                            Tel.: +1 (312) 807-4376
                                            Fax: +1 (312) 827-8000
                                            george.summerfield@klgates.com

                                            *Attorney for Petitioner*
                                            *CPC Patent Technologies PTY Ltd.*